**Doyle R. MURPHREE; Doyle R. Murphree and Beatrice Elaine Murphree, Trustees for the D.R. Murphree Family Preservation Trust; and W.R. Williams, Appellants,**

v.

**Lud A. ZIEGELMAIR, Appellee.**

No. 01–94–00505–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 1995.

**494**

Anthony P. Griffin, Galveston, Thomas Cain, Texas City, for Appellants.

Stephen J. Schechter, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a post-answer default judgment rendered against appellants, Doyle R. Murphree, Doyle R. Murphree and Beatrice Elaine Murphree, Trustees for the D.R. Murphree Family Preservation Trust (the Murphrees), and W.R. Williams (Williams), for failure to attend a pre-trial conference. Williams asserts 10 points of error challenging the default judgment based on lack of notice; sufficiency of the evidence to support the judgment; and the award of pre-judgment interest. The Murphrees assert a single point of error complaining that they received insufficient notice. We reverse and remand.

## I.  FACTS

Appellee, Lud Ziegelmair, sued appellants under the Texas Deceptive Trade Practices Act[1] for alleged misrepresentations concerning the purchase of real property. Although Williams and the Murphrees filed answers to the lawsuit, they failed to answer requests for admissions and to attend a status conference set for August 16, 1993. On that date, the plaintiff's attorney was present and the trial court entered a docket control order which provided, among other things, that the parties were to attend a pre-trial conference on December 2, 1993.

When Williams and the Murphrees failed to appear at the pre-trial conference, the trial court entered a default judgment against them as to liability,[2] and scheduled a hearing on damages for January 25, 1994. Appellants were not notified of the damages hearing and did not appear. Based on evidence presented by appellee at the hearing, the trial court rescinded the sale and awarded Ziegelmair damages of $70,671.04 plus interest. When appellants received notice of the default judgment, they filed a motion for new trial which was overruled by operation of law.

## II.  ANALYSIS

In his first point of error, Williams contends that the trial court abused its discretion by imposing a default judgment as a sanction. He bases this point on two arguments: (1) he did not receive notice of the docket control order that set the date of the pre-trial conference; and (2) he did not have notice that failure to attend the conference could result in a trial on the merits and a default being rendered against him. The Murphrees also contend that the trial court was in error because they had no notice that a failure to attend the conference could result in default.

### a)  Notice of the docket control order

As to Williams' first argument, the proof attached to appellee's response to appellant's motion for new trial clearly shows that the parties received a copy of the docket control order and had notice of the pre-trial conference. The return receipts, which were signed by appellants, indicated that they received notice on August 31, 1994, over 90 days before the pre-trial conference sched-

---

1. Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp. 1991).

2. It does not appear that the trial court conducted a hearing on liability. The finding of liability might have been based on requests for admissions that were deemed admitted when appellant failed to answer them. Unanswered requests are deemed admitted without the necessity of a court order once the answers are overdue. Tex. R.Civ.P. 169; *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989); *Barker v. Harrison,* 752 S.W.2d 154, 155 (Tex.App.—Houston [1st Dist.] 1988, writ dism'd w.o.j.). Since the admissions are not included in the record, however, we are unable to determine if they were sufficient to support the liability finding.

uled on December 2, 1993. Therefore, this argument is without merit.

### b) Notice that failure to attend pre-trial conference could result in default

The trial court in this case had the power to order appellants to appear at a pre-trial conference. TEX.R.CIV.P. 166. Appellants indisputably did not comply with the court's order to appear on December 2, 1993. The question becomes whether the trial court could render a default against them as a sanction for this failure.

■ The standard of review for a trial court's imposition of sanctions is abuse of discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990). The test for abuse of discretion is whether the trial court acted arbitrarily and without reference to any guiding rules or principles. *Id.*

■ Appellee contends that the *Koslow's* decision justified the trial court's actions in this case. Although that case held that a trial court may enter a default as a sanction for a party's failure to appear at a pre-trial conference, the defendants in that case *had notice* that their failure to appear might subject them to sanctions. The docket control order specifically provided that failure to appear would result in the cause being "set for disposition hearing, at which time cause will have to be shown why *dismissal, default, or other sanctions* should not be imposed." *Koslow's*, 796 S.W.2d at 703. After the defendants failed to comply with the order, the trial court sent the parties a letter scheduling a disposition hearing. When they once again failed to appear, the court struck their answer and entered a default against them. *Id.*

In a case substantially similar to the instant appeal, we recently held that it is a denial of due process to convert a pre-trial conference into a disposition hearing without notice to the defendant of that possibility. *Masterson v. Cox*, 886 S.W.2d 436, 439 (Tex. App.—Houston [1st Dist.] 1994, no writ). As in this case, the defendant in *Masterson* had answered the lawsuit and had notice of a scheduled pre-trial conference. When she failed to appear at the conference, the trial court struck her answer, proceeded to hear evidence, and rendered a post-answer default judgment against her. We held that the trial court abused its discretion by turning the pre-trial conference into a disposition hearing without notice to the defendant because it was a denial of her right to due process. *Id.* at 439.

■ Once a defendant has made an appearance in a case, he is entitled to notice of a trial setting as a matter of due process. *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989); *Green v. McAdams*, 857 S.W.2d 816, 819 (Tex.App.—Houston [1st Dist.] 1993, no writ). In *LBL Oil Co.*, the supreme court noted that a default hearing was, effectively, a trial setting because it was dispositive of the case. Therefore, it was a denial of due process to grant a default judgment against a defendant who did not receive notice of a motion for default judgment or a hearing on the motion. *LBL Oil Co.*, 777 S.W.2d at 390–91.

The pre-trial conference in this case was, in essence, a trial on the merits since it was dispositive of the case. The docket control order did not state that appellants would be subject to possible sanctions for failure to attend the conference, nor were appellants served with a motion for sanctions or default. A motion for default was not filed by appellee until the day of the damages hearing, after the court had already entered a finding of liability. There was no certificate of service attached to this motion, and appellee does not dispute that appellants were not served with the motion. Under these circumstances, appellants were deprived of their right to due process. *Masterson*, 886 S.W.2d at 439. Therefore, the trial court abused its discretion in granting the default judgment.

We sustain appellants' first point of error.

### III. CONCLUSION

■ Unlike the situation in *Koslow's*, the appellants in this case had no notice that a failure to attend the pre-trial conference could result in an immediate disposition of their case. "A fundamental element of due process is adequate and reasonable notice of proceedings." *Green*, 857 S.W.2d at 819. Although a trial court has the authority to

sanction parties for failure to obey orders, it has no discretion to deprive litigants of the right to due process. We hold that a docket control order must specifically provide notice that a failure to appear at a pre-trial conference may result in dismissal, default, or other sanctions in order to protect the due process rights of the parties.

Because our holding on this point of error is dispositive, it is unnecessary for us to address Williams' remaining points of error.

We reverse and remand for trial.