Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



FOUR-THOUSAND-FIVE-HUNDRED
TWENTY-EIGHT DOLLARS
($4,528.00) IN UNITED STATES
CURRENCY,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00239-CV

Appeal from the

120th District Court

of El Paso County, Texas

(TC#2002-2251)



MEMORANDUM OPINION
           In this forfeiture proceeding, the trial judge rendered a default judgment against
Melchor Cota and Jose Cota because their attorney was six-to-twenty minutes late for a
status hearing. The State agrees with the Cotas that the trial judge’s action was an abuse
of discretion. We reverse and remand.
Procedural and Factual Background



           The State filed an Original Notice of Seizure and Intended Forfeiture, requesting
forfeiture of $4,528 seized from the Cotas. The Cotas each filed an answer. The case
was then set for a status hearing at 9:30 a.m. on March 7, 2003. The Cotas’ attorney was
between six and twenty minutes late for the hearing.


 Before the attorney arrived, the
judge sua sponte rendered a default judgment.
           The Cotas filed a sworn motion for new trial. Among other things, the motion
stated that the Cotas and the State had been involved in serious settlement negotiations
before the day of the status hearing. In an affidavit attached to the motion, the Cotas’
attorney stated that after the default judgment was rendered, she and an assistant district
attorney continued to negotiate a settlement, but the trial judge “made it quite clear that he
would not sign an agreed judgment or approve a settlement agreement in the case.” The
attorney also explained in the affidavit that she was late for the status hearing because she
was in federal court and the proceedings in that court did not end as early as she had
expected. This explanation was supported by an attached letter from the federal judge,
who asked the trial judge to “consider [the attorney’s] delayed appearance to be my
responsibility rather than hers.” Nevertheless, the trial judge refused to grant a new trial,
and this appeal followed.
Discussion
           Forfeiture proceedings “shall proceed to trial in the same manner as in other civil
cases.” Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon Supp. 2004); see also Tex.
Code Crim. Proc. Ann. art. 59.04(a)-(b) (Vernon Supp. 2004). After a defendant has
made an appearance in a case, he or she is entitled to notice of the trial setting as a matter
of due process. LBL Oil Co. v. Int’l Power Servs., 777 S.W.2d 390, 390-91 (Tex. 1989). 
A hearing that effectively disposes of the case is a trial setting. See id. at 391; Murphree
v. Ziegelmair, 937 S.W.2d 493, 495 (Tex. App.--Houston [1st Dist.] 1995, no writ). 
Therefore, it is a denial of due process and an abuse of discretion to convert a pretrial
conference into a default judgment hearing without notice to the defendant of that
possibility. See Murphree, 937 S.W.2d at 495; Masterson v. Cox, 886 S.W.2d 436, 439
(Tex. App.--Houston [1st Dist.] 1994, no writ).
           In this case, it is undisputed that the Cotas had no notice that a default judgment
could be rendered against them if their attorney was late for the status hearing. 
Accordingly, the trial judge abused his discretion by rendering the default judgment.
           Moreover, assuming the Cotas did have notice that the status hearing could be
converted into a default-judgment hearing, the State concedes that they did not have
forty-five days’ notice of the hearing. This too invalidates the default judgment. See
Tex. R. Civ. P. 245; Blanco v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.--El Paso 2000,
no pet.).
           The State also concedes that no evidence was presented by the State and that no
record was made of the status hearing. A trial judge may not render a post-answer default
judgment unless the plaintiff offers evidence to prove all aspects of its case. Bradley
Motors, Inc. v. Mackey, 878 S.W.2d 140, 141 (Tex. 1994). And when a defendant cannot
obtain a reporter’s record because no record was made, the defendant is entitled to a new
trial. Carstar Collision, Inc. v. Mercury Fin. Co., 23 S.W.3d 368, 370 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). For these reasons as well, the default judgment is
invalid.
Conclusion
           For the reasons stated herein, the Cotas’ issue on appeal is sustained. The trial
court’s judgment is reversed, and the cause is remanded for a new trial.
 
                                                                  SUSAN LARSEN, Justice
July 15, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.