NUMBER 13-05-485-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GEORGE BARBOSA, INDIVIDUALLLY

AND D/B/A BARBOSA GROUP 

EXECUTIVE SECURITY, Appellant,


v.



HOLLIS RUTLEDGE & 

ASSOCIATES, INC., Appellee.

 


On appeal from the County Court at Law No. 2 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez
 




 This is a restricted appeal from a post-answer default judgment rendered against
appellant, George Barbosa, individually and d/b/a Barbosa Group, Executive Security
("Barbosa"), and in favor of appellee, Hollis Rutledge & Associates, Inc. ("Rutledge"). In
a single issue, Barbosa contends the trial court erred in granting judgment because he had
insufficient notice of a trial setting. We reverse and remand. 

Background


 On March 17, 2003, Rutledge sued Barbosa for breach of contract in connection
with consulting services that Rutledge provided to Barabosa. Barbosa, represented by
counsel, timely filed an answer. Pursuant to Rutledge's "request for hearing," (1) the trial
court issued a February 14, 2005 order setting the case for "hearing" on March 14, 2005. (2) 
The February 14 order was sent to Barbosa, but not to his counsel. 

 When neither Barbosa nor his counsel appeared at the March 14 hearing, the trial
court heard evidence presented by Rutledge and entered default judgment in its favor. At
the hearing, Rutledge's counsel advised the court that he sent a copy of the request for
hearing to Barbosa directly because Barbosa's counsel of record had stated that she no
longer represented Barbosa. (3) On July 25, 2005, Barbosa filed notice of this restricted
appeal. 

Applicable Law


 A restricted appeal (like its predecessor, a writ of error) directly attacks a default
judgment and prevents this Court from indulging in presumptions in support of the
judgment. (4) A restricted appeal must (1) be brought within six months after the trial court
signs the judgment, (2) by a party to the suit, (3) who, either in person or through counsel,
did not participate at trial, and (4) the error complained of must be apparent from the face
of the record. (5) The face of the record, for purposes of a restricted appeal review, consists
of all the papers on file in the appeal. (6) The requirements for a restricted appeal should be
liberally construed in favor of the right to appeal. (7) In this case, only the last element is at
issue because the record shows that the first three elements have been met.

 A defendant who has made an appearance in a cause is entitled to notice of the trial
setting as a matter of due process under the Fourteenth Amendment to the federal
constitution. (8) A defendant who does not receive notice of a default judgment proceeding
is deprived of due process. (9) A notice of trial setting ordinarily does not appear in the clerk's
record and need not affirmatively appear there. (10) Rather, the law presumes that a trial
court will hear a case only after proper notice to the parties. (11) To rebut this presumption,
appellant has the burden to affirmatively show a lack of notice by affidavit or other
competent evidence. (12)

 The Texas Rules of Civil Procedure require that a party be given notice of the first
trial setting of a contested case at least forty-five days prior to the trial date. (13) The court
may reset the case "to a later date on any reasonable notice to the parties . . . ." (14) A trial
court's failure to comply with the rules of notice in a contested case deprives a party of the
constitutional right to be present at the hearing, to voice his objections in an appropriate
manner, and results in a violation of due process. (15) The forty-five day notice provision of
rule 245 is mandatory. (16) If the respondent does not have notice of the trial setting as
required by rule 245, the default judgment should be set aside because it is ineffectual. (17)

 A hearing that effectively disposes of the case is a trial setting. (18) Therefore, it is a
denial of due process and an abuse of discretion to convert a pretrial conference into a
default judgment hearing without notice to the defendant of that possibility. (19)

Discussion


 Here, the record affirmatively demonstrates that Barbosa received less than the
forty-five days notice mandated by rule 245. (20) Even if we assume that the February 14,
2005 order is sufficient to comply with rule of civil procedure 21a, (21) Barbosa did not receive
notice as required by rule 245 because the trial court rendered judgment on March 14,
2005. 

 Rutledge argues that Barbosa waived the forty-five-day notice requirement of rule
245. In support, Rutledge cites Custom Crete, Inc. v. K-Bar Servs., Inc., 82 S.W.3d 655,
659 (Tex. App.-San Antonio 2002, no pet.). Although the Custom-Crete court noted that
error resulting from a failure to provide proper notice under rule 245 is waived if a party
proceeds to trial and fails to object to the lack of notice, it held that Custom-Crete did not
waive its right to proper notice under rule 245, even though a non-lawyer Custom-Crete
executive was present at the hearing. (22) In the present case, Barbosa was not present at
the March 14 hearing. We find that Custom-Crete does not support Rutledge's waiver
argument. 

 Accordingly, we sustain Barbosa's issue, reverse the judgment, and remand the
case to the trial court for a new trial. 

 

 LINDA REYNA YAÑEZ,

 Justice


Memorandum opinion delivered and filed 

this the 28th day of June, 2007. 
1. A copy of the February 7, 2005 request for hearing was sent by regular mail to Barbosa, but not to
his counsel. 
2. It is undisputed that Rutledge's request was the first request for a trial setting. 
3. Rutledge's counsel also advised the court that Barbosa's counsel had not withdrawn from the case.
4. Campsey v. Campsey, 111 S.W.3d 767, 770 (Tex. App.-Fort Worth 2003, no pet.)
.
5. See Tex. R. App. P. 30; Norman Communs. v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)
(per curiam); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex. App.-Corpus Christi 2002, no pet.). 
6. Norman, 955 S.W.2d at 270. 
7. See Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985). 
8. LBL Oil Co. v. Int'l Power Serv., 777 S.W.2d 390, 390-91 (Tex. 1989).
9. Id. 
10. Prihoda v. Marek, 797 S.W.2d 170, 171 (Tex. App.-Corpus Christi 1990, writ denied). 
11. Delgado v. Hernandez, 951 S.W.2d 97, 99 (Tex. App.-Corpus Christi 1997, no writ).
12. Id.; Jones v. Texas Dep't of Pub. Safety, 803 S.W.2d 760, 761 (Tex. App.-Houston [14th Dist.]
1991, no writ). 
13. Tex. R. Civ. P. 245. 
14. Id. 
15. Campsey, 111 S.W.3d at 771 (citing Platt v. Platt, 991 S.W.2d 481, 483 (Tex. App.-Tyler 1999,
no pet.)); Blanco v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.-El Paso 2000, no pet.). 
16. Custom-Crete, Inc. v. K-Bar Servs., Inc., 82 S.W.3d 655, 659 (Tex. App.-San Antonio 2002, no
pet.) (citing Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex. 1992); Hardin v. Hardin, 932 S.W.2d 566, 567
(Tex. App.-Tyler 1995, no writ); Bell Helicopter Textron, Inc. v. Abbott, 863 S.W.2d 139, 140 (Tex.
App.-Texarkana 1993, writ denied)). 
17. Campsey, 111 S.W.3d at 771; Bolanos, 20 S.W.3d at 811. 
18. LBL Oil, 777 S.W.2d at 391; Murphree v. Ziegelmair, 937 S.W.2d 493, 495 (Tex. App.-Houston
[1st Dist.] 1995, no writ). 
19. See Murphree, 937 S.W.2d at 495; Masterson v. Cox, 886 S.W.2d 436, 439 (Tex. App.-Houston
[1st Dist.] 1994, no writ). 
20. Barbosa also argues the notice was insufficient because it was sent only to him and not to his
attorney. We need not address this argument because assuming, without deciding, that the February 14,
2005 notice constituted notice to a party, Barbosa nonetheless did not receive the forty-five-day notice
required by rule 245. 
21. Rule 21a provides that all notices, other than citation, may be served by delivering a copy of the
notice or document to the party, his duly authorized agent, or his attorney of record. Tex. R. Civ. P. 21a. 
22. Custom-Crete, 82 S.W.3d at 659.