COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-394-CV

 

 

THE ESTATE OF JOHN AROON 

SOOKMA, DECEASED

 

                                              ------------

 

               FROM
PROBATE COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this restricted appeal,
Appellant Julia Ann Sookma, pro se, appeals from a probate court order striking
her pleadings.  We affirm.

                                            Background

Julia married John Sookma in
1985.  One child, K.S., was born to the
marriage.  Julia and John divorced in
1999.[2]








John died intestate in March
2005.  His sister, Leslie
Sookma-Rortvedt, filed an application for letters of independent administration
in September 2005 in Probate Court Number Two of Tarrant County.  The application identified K.S. as John=s sole heir.  JuliaCon her own behalf and as K.S.=s next friendCfiled
challenges to Leslie=s
application.  Leslie then filed a motion
for sanctions under civil practice and remedies code chapter 10, asserting that
Julia=s challenges had no basis in law or fact and that Julia filed them
solely to harass, create unnecessary delay, and increase the cost of
litigation.  Julia filed a motion to
transfer the probate proceeding to a district court.[3]   

The probate court issued
letters testamentary to Leslie on March 25, 2006 and signed a judgment
declaring K.S. to be John=s sole
heir.  On the same day, the probate court
signed an order imposing sanctions on Julia, (1) finding that she had filed her
pleadings for an improper purpose and that they had no basis in law or fact;
(2) striking her pleadings; (3) ordering her not to file any more pro se
pleadings with the court; and (4) ordering her to pay to Leslie $2,400 in
attorney=s fees and $85 in costs. 








Despite the court=s order, in April 2006, Julia filed her pro se ANotice of Felony Criminal Mail Fraud by [Leslie],@ AMotion to
Revoke [Leslie=s] Surety
Bond for Fraud upon the Court and Heirs,@ AMotion to
Set Aside Exempt Property,@ and AMotion to
Set Aside Order for Sanctions and Judgment.@ 

On May 3, 2006, the probate
court judge recused himself sua sponte; the reason for the recusal does not
appear in the record.  The presiding
judge of the statutory probate courts transferred the proceedings to Probate
Court Number One of Tarrant County.   

In June 2006, Probate Court
Number One scheduled a status conference for July 5, 2006, and instructed Julia
to appear in person if she had not retained an attorney.  When Julia failed to appear for the status
conference, the probate court entered an AOrder Imposing Sanctions Sua Sponte,@ striking the pleadings Julia filed after Probate Court Number Two=s March 25, 2006 sanctions order as a sanction for Athe failure to appear or give notice of an intended failure to appear
at the Status Conference and for violation of previous orders of the court.@[4]








Julia filed a notice of
restricted appeal on October 26, 2006, appealing from the July 5 order and the AFinal Orders signed April 28th, May 3rd, May 15th, May 18th, May 25th,
June 6th, June 8th, [and] June 27.@[5]   

                                             Discussion

1.                 
Restricted Appeal

To prevail in a restricted appeal, an appellant
must show that (1) a notice of appeal was filed within six months of the date
the complained‑of judgment or order was signed; (2) appellant was a party
to the suit who did not participate in the hearing that resulted in the
judgment or order; (3) appellant did not timely file a post‑judgment
motion, request findings of fact and conclusions of law, or file a notice of
appeal within the time permitted under rule 26.1(a); and (4) the complained‑of
error is apparent from the face of the record.  Tex. R. App. P. 30; Alexander v.
Lynda=s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see Tex. R. App. P. 26.1(c).

2.                 
Probate Court Number One=s
Jurisdiction to Sanction Julia








In her first issue, Julia argues that AProbate Court No. 1 was without
jurisdiction to Contestant=s
[sic] strike pleadings based on void Final Judgments and Orders from Probate
Court No. 2 . . . and abused its authority in granting excessive >nunc pro tunc=
sanctions.@[6]  We will consider the three components of her
issueCthat
Probate Court Number One lacked jurisdiction to impose sanctions, that Probate
Court Number Two=s initial
sanctions order was void, and that Probate Court Number One abused its
discretion by imposing excessive sanctionsCeach
in turn.








First, Julia offers no argument, analysis, or
explanation to support her contention that Probate Court Number One lacked
jurisdiction to sanction her.  When a
party fails to support an issue with argument, she waives any error on
appeal.  Happy Harbor Methodist Home,
Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex. App.CHouston
[1st Dist.] 1995, no writ).  Moreover, a
lack of jurisdiction is not apparent from the record; Julia appeared and
participated in the proceedings in Probate Court Number Two, and the
proceedings were transferred to Probate Court Number One by order of the
presiding judge of the statutory probate courts in accordance with the rules of
civil procedure.  See Tex. R. App. P. 30; Tex. R. Civ. P.  18. 
Therefore, we overrule this part of her first issue.

Julia next argues that
Probate Court Number Two=s March 25,
2006 sanctions order was void because the judge was disqualified under article
V, section 11 of the Texas constitution, which prohibits a judge from sitting
in a case in which the judge is interested, where the parties are connected to
the judge by affinity or consanguinity, or when the judge has been counsel in
the case.[7]  See Tex.
Const. art. V, ' 11.  The record shows only that the judge of
Probate Court Number Two recused himself under rule of procedure 18b; it does
not show why he recused himself, and nothing in the record suggests that the
reason was one of the relationships identified by article V, section 11.  Because error is not apparent from the face
of the record, we overrule this part of Julia=s first issue.








Finally, Julia argues that
Probate Court Number One abused its discretion by imposing sanctions when she
failed to appear for the July 5 status conference because she had no notice
that her failure to appear would result in sanctions.  See Murphree v. Ziegelmair, 937 S.W.2d
493, 495 (Tex. App.CHouston [1st
Dist.] 1995, no writ) (holding trial court abused its discretion by striking
party=s pleading and granting default judgment as sanction for failing to
appear at pretrial hearing when party had no notice that failure to appear
would result in sanctions).

But the order also recites as
grounds for striking her pleadings the sanctions order imposed by Probate Court
Number Two, which prohibited Julia from filing additional pro se
pleadings.  Julia does not challenge this
second basis for the sanctions order. 
Generally, an appellant must attack all independent bases or grounds
that fully support a complained‑of ruling or judgment.  Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993); Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 456 (Tex.
App.CHouston [1st Dist.] 2007, no pet.) (op. on reh=g).  This rule exists because if
an independent ground fully supports the complained‑of ruling or
judgment, but the appellant assigns no error to that independent ground, then
(1) we must accept the validity of that unchallenged independent ground and
thus (2) any error in the grounds challenged on appeal is harmless because the
unchallenged independent ground fully supports the complained‑of ruling
or judgment.   Walling, 863 S.W.2d
at 58; Hong Kong Dev., Inc., 229 S.W.3d at 456.








The independent ground for
sanctions cited by the probate courtCJulia=s failure to
abide by the prior sanctions orderCfully supports the court=s order striking her pleadings. 
Inherent in a court=s ability to issue orders is a court=s authority to enforce those orders. 
Hamilton v. Morris Res., Ltd., 225 S.W.3d 336, 346 (Tex. App.CSan Antonio 2007, pet. denied). 
A trial court has the power to strike pleadings and render a default
judgment as a sanction for violation of a pretrial order.  Koslow=s v. Mackie, 796 S.W.2d 700, 704 (Tex.
1990) (holding trial court did not abuse its discretion by striking pleadings
and rendering default judgment as sanction for violation of pretrial order and
collecting similar cases).  Because Julia
does not challenge the portion of the order striking her pleadings for failing
to comply with the prior order, we overrule the remainder of her first issue.








Julia=s fourth issue is A[w]hether Appellant=s due process and due course of law rights to have a jury decide
superior right to appointment of administrator.@  Essentially, Julia complains
that the trial court erred by failing to grant her a jury trial on the
contested issue of Leslie=s
appointment as administrator after Julia paid the jury fee and requested a
jury.  See Tex. Prob. Code Ann. ' 21 (Vernon
2003) (AIn all contested probate . . . 
proceedings . . . the parties shall be entitled to trial
by jury as in other civil actions.@).  As we noted above, a trial
court may strike pleadings and render a default judgmentCthat is, a judgment without a jury trialCat its discretion as a sanction for violation of a pretrial
order.  See Koslow=s, 796 S.W.2d at 704.  Because the probate court did not abuse its
discretion by striking Julia=s pleadings, including her jury request, we hold that it did not err
by failing to submit to a jury the issues contested by Julia, and we overrule
her fourth issue.

 

3.                 
Julia=s
Remaining Issues

Julia=s
second issue is A[w]hether
the probate court abused its constitutional duty to sign the Order approving or
disapproving Inventory, Appraisement and List of Claims prior to allowing a
disqualified administrator with bogus surety bonds to illegally withhold exempt
funds.@  The argument section of her brief contains
the heading AInventory,
Appraisement & Claims of Estate.  No
Judicial Admission by Consent of Contents@
andCtwo pages later, after a lengthy
hornbook discussion of the duties of attorneys ad litemCa
summary of a single off-point case and the sentence ADo
not consent to or approve an inventory which designates a decedent=s property in a manner contrary to the
client=s best
interest.@ 

Her third issue is A[w]hether
the trial court abused its discretion and statutory duty to Order ' 271 homestead and exempt property to
be set-a-side or her guardian evidence was legally sufficient in light of the
variance between the Appellant=s
injury defense ramified from a major automobile accident and medical
restricted.@  The argument portion of her brief does not
discuss this issue at all.








An issue on appeal unsupported by argument or citation to
any legal authority presents nothing for the court to review.  Strange v. Cont=l Cas. Co., 126 S.W.3d 676,
678 (Tex. App.CDallas 2004, pet. denied), cert. denied,
543 U.S. 1076 (2005).  Further, Awe know of no
authority obligating us to become advocates for a particular litigant through
performing their research and developing their argument for them.@  Tello v. Bank One, N.A., 218
S.W.3d 109, 116 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  Thus, an
inadequately briefed point may be waived on appeal.  Hall v. Stephenson, 919 S.W.2d 454,
467 (Tex. App.CFort Worth 1996, writ denied); see also
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284B85 (Tex. 1994)
(discussing Along-standing rule@ that point may be
waived due to inadequate briefing). 

We hold that Julia waived her
second and third issues by failing to adequately brief them, and we therefore
overrule them.

                                             Conclusion

Having overruled all of Julia=s issues, we affirm the trial courts= orders.

PER CURIAM

 

PANEL M:   GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:
July 3, 2008     











[1]See Tex. R. App. P. 47.4.





[2]Julia
impliesCwithout
explanation or references to the record or legal authorityCthat
the divorce decree was somehow ineffective. 





[3]Julia
filed her motion to transfer under probate code section 5(b), which mandatesCin
counties with no statutory probate or county courtsCthe
transfer of contested probate proceedings filed in a constitutional county
court to a district court.  See Tex. Prob. Code Ann. ' 5(b)
(Vernon 2003).  The two probate courts of
Tarrant County are statutory probate courts. 
Tex. Gov=t Code Ann. '
25.2221(c) (Vernon 2004).  Thus, probate
code section 5(b) did not apply to the proceedings.





[4]For
reasons not explained in her brief, Julia consistently refers to this order as
imposing Anunc
pro tunc@
sanctions.





[5]The
record contains no orders dated April 28 or June 8, 2006.  The May 3, 2006 order is the order by which
the judge of Probate Court Number Two recused himself, and the May 15 and 18,
2006 orders are the orders assigning and transferring the case to Probate Court
Number One.  On May 25, 2006, the probate
court signed an order increasing Leslie=s bond to $252,000.  On June 6, 2006, the probate court signed a
temporary restraining order to prevent a mortgage company from foreclosing on
what had been John and Julia=s marital home.  On June 27, the probate court appointed an
attorney ad litem to represent the interests of K.S. 





[6]Julia
argues all of her issues together in one discussion.  It is difficult or impossible to determine
which portions of the argument pertain to which issues, if any.  The argument also references facts and
documents that do not appear in the record. 






[7]Julia
cannot otherwise challenge the March 25, 2006 sanctions order by restricted
appeal because she filed her notice of appeal more than six months later.  See Tex.
R. App. P. 30.  Therefore, she
cannot challenge the trial court=s findings that her pleadings
had no legal or factual basis and were filed for improper purposes.