

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-06-394-CV

THE ESTATE OF JOHN AROON
SOOKMA, DECEASED

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this restricted appeal, Appellant Julia Ann Sookma, pro se, appeals

from a probate court order striking her pleadings.  We affirm.

### Background

Julia married John Sookma in 1985.  One child, K.S., was born to the

marriage.  Julia and John divorced in 1999.[2]

---

[1] *See* TEX. R. APP. P. 47.4.

[2] Julia implies — without explanation or references to the record or legal authority — that the divorce decree was somehow ineffective.

John died intestate in March 2005. His sister, Leslie Sookma-Rortvedt, filed an application for letters of independent administration in September 2005 in Probate Court Number Two of Tarrant County. The application identified K.S. as John's sole heir. Julia—on her own behalf and as K.S.'s next friend—filed challenges to Leslie's application. Leslie then filed a motion for sanctions under civil practice and remedies code chapter 10, asserting that Julia's challenges had no basis in law or fact and that Julia filed them solely to harass, create unnecessary delay, and increase the cost of litigation. Julia filed a motion to transfer the probate proceeding to a district court.[3]

The probate court issued letters testamentary to Leslie on March 25, 2006 and signed a judgment declaring K.S. to be John's sole heir. On the same day, the probate court signed an order imposing sanctions on Julia, (1) finding that she had filed her pleadings for an improper purpose and that they had no basis in law or fact; (2) striking her pleadings; (3) ordering her not to file any more pro se pleadings with the court; and (4) ordering her to pay to Leslie $2,400 in attorney's fees and $85 in costs.

---

[3] Julia filed her motion to transfer under probate code section 5(b), which mandates—in counties with no statutory probate or county courts—the transfer of contested probate proceedings filed in a constitutional county court to a district court. *See* TEX. PROB. CODE ANN. § 5(b) (Vernon 2003). The two probate courts of Tarrant County are statutory probate courts. TEX. GOV'T CODE ANN. § 25.2221(c) (Vernon 2004). Thus, probate code section 5(b) did not apply to the proceedings.

Despite the court's order, in April 2006, Julia filed her pro se "Notice of Felony Criminal Mail Fraud by [Leslie]," "Motion to Revoke [Leslie's] Surety Bond for Fraud upon the Court and Heirs," "Motion to Set Aside Exempt Property," and "Motion to Set Aside Order for Sanctions and Judgment."

On May 3, 2006, the probate court judge recused himself sua sponte; the reason for the recusal does not appear in the record. The presiding judge of the statutory probate courts transferred the proceedings to Probate Court Number One of Tarrant County.

In June 2006, Probate Court Number One scheduled a status conference for July 5, 2006, and instructed Julia to appear in person if she had not retained an attorney. When Julia failed to appear for the status conference, the probate court entered an "Order Imposing Sanctions *Sua Sponte*," striking the pleadings Julia filed after Probate Court Number Two's March 25, 2006 sanctions order as a sanction for "the failure to appear or give notice of an intended failure to appear at the Status Conference and for violation of previous orders of the court."[4]

---

[4] For reasons not explained in her brief, Julia consistently refers to this order as imposing "nunc pro tunc" sanctions.

Julia filed a notice of restricted appeal on October 26, 2006, appealing from the July 5 order and the "Final Orders signed April 28th, May 3rd, May 15th, May 18th, May 25th, June 6th, June 8th, [and] June 27."[5]

**Discussion**

**1.    Restricted Appeal**

To prevail in a restricted appeal, an appellant must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment or order was signed; (2) appellant was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a); and (4) the complained-of error is apparent from the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 26.1(c).

**2.    Probate Court Number One's Jurisdiction to Sanction Julia**

---

[5] The record contains no orders dated April 28 or June 8, 2006. The May 3, 2006 order is the order by which the judge of Probate Court Number Two recused himself, and the May 15 and 18, 2006 orders are the orders assigning and transferring the case to Probate Court Number One. On May 25, 2006, the probate court signed an order increasing Leslie's bond to $252,000. On June 6, 2006, the probate court signed a temporary restraining order to prevent a mortgage company from foreclosing on what had been John and Julia's marital home. On June 27, the probate court appointed an attorney ad litem to represent the interests of K.S.

4

In her first issue, Julia argues that "Probate Court No. 1 was without jurisdiction to Contestant's [sic] strike pleadings based on void Final Judgments and Orders from Probate Court No. 2 . . . and abused its authority in granting excessive 'nunc pro tunc' sanctions."[6] We will consider the three components of her issue—that Probate Court Number One lacked jurisdiction to impose sanctions, that Probate Court Number Two's initial sanctions order was void, and that Probate Court Number One abused its discretion by imposing excessive sanctions—each in turn.

First, Julia offers no argument, analysis, or explanation to support her contention that Probate Court Number One lacked jurisdiction to sanction her. When a party fails to support an issue with argument, she waives any error on appeal. *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ). Moreover, a lack of jurisdiction is not apparent from the record; Julia appeared and participated in the proceedings in Probate Court Number Two, and the proceedings were transferred to Probate Court Number One by order of the presiding judge of the statutory probate courts in accordance with the rules of civil procedure. *See*

---

[6] Julia argues all of her issues together in one discussion. It is difficult or impossible to determine which portions of the argument pertain to which issues, if any. The argument also references facts and documents that do not appear in the record.

TEX. R. APP. P. 30; TEX. R. CIV. P. 18. Therefore, we overrule this part of her first issue.

Julia next argues that Probate Court Number Two's March 25, 2006 sanctions order was void because the judge was disqualified under article V, section 11 of the Texas constitution, which prohibits a judge from sitting in a case in which the judge is interested, where the parties are connected to the judge by affinity or consanguinity, or when the judge has been counsel in the case.[7] *See* TEX. CONST. art. V, § 11. The record shows only that the judge of Probate Court Number Two recused himself under rule of procedure 18b; it does not show why he recused himself, and nothing in the record suggests that the reason was one of the relationships identified by article V, section 11. Because error is not apparent from the face of the record, we overrule this part of Julia's first issue.

Finally, Julia argues that Probate Court Number One abused its discretion by imposing sanctions when she failed to appear for the July 5 status conference because she had no notice that her failure to appear would result in sanctions. *See Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex.

---

[7] Julia cannot otherwise challenge the March 25, 2006 sanctions order by restricted appeal because she filed her notice of appeal more than six months later. *See* TEX. R. APP. P. 30. Therefore, she cannot challenge the trial court's findings that her pleadings had no legal or factual basis and were filed for improper purposes.

6

App.—Houston [1st Dist.] 1995, no writ) (holding trial court abused its discretion by striking party's pleading and granting default judgment as sanction for failing to appear at pretrial hearing when party had no notice that failure to appear would result in sanctions).

But the order also recites as grounds for striking her pleadings the sanctions order imposed by Probate Court Number Two, which prohibited Julia from filing additional pro se pleadings. Julia does not challenge this second basis for the sanctions order. Generally, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). This rule exists because if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Walling*, 863 S.W.2d at 58; *Hong Kong Dev., Inc.*, 229 S.W.3d at 456.

The independent ground for sanctions cited by the probate court—Julia's failure to abide by the prior sanctions order—fully supports the court's order striking her pleadings. Inherent in a court's ability to issue orders is a court's

7

authority to enforce those orders. *Hamilton v. Morris Res., Ltd.*, 225 S.W.3d 336, 346 (Tex. App.—San Antonio 2007, pet. denied). A trial court has the power to strike pleadings and render a default judgment as a sanction for violation of a pretrial order. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990) (holding trial court did not abuse its discretion by striking pleadings and rendering default judgment as sanction for violation of pretrial order and collecting similar cases). Because Julia does not challenge the portion of the order striking her pleadings for failing to comply with the prior order, we overrule the remainder of her first issue.

Julia's fourth issue is "[w]hether Appellant's due process and due course of law rights to have a jury decide superior right to appointment of administrator." Essentially, Julia complains that the trial court erred by failing to grant her a jury trial on the contested issue of Leslie's appointment as administrator after Julia paid the jury fee and requested a jury. *See* TEX. PROB. CODE ANN. § 21 (Vernon 2003) ("In all contested probate . . . proceedings . . . the parties shall be entitled to trial by jury as in other civil actions."). As we noted above, a trial court may strike pleadings and render a default judgment—that is, a judgment without a jury trial—at its discretion as a sanction for violation of a pretrial order. *See Koslow's*, 796 S.W.2d at 704. Because the probate court did not abuse its discretion by striking Julia's

8

pleadings, including her jury request, we hold that it did not err by failing to submit to a jury the issues contested by Julia, and we overrule her fourth issue.

**3.    Julia's Remaining Issues**

Julia's second issue is "[w]hether the probate court abused its constitutional duty to sign the Order approving or disapproving Inventory, Appraisement and List of Claims prior to allowing a disqualified administrator with bogus surety bonds to illegally withhold exempt funds."  The argument section of her brief contains the heading "Inventory, Appraisement & Claims of Estate.  No Judicial Admission by Consent of Contents" and—two pages later, after a lengthy hornbook discussion of the duties of attorneys ad litem—a summary of a single off-point case and the sentence "Do not consent to or approve an inventory which designates a decedent's property in a manner contrary to the client's best interest."

Her third issue is "[w]hether the trial court abused its discretion and statutory duty to Order § 271 homestead and exempt property to be set-a-side or her guardian evidence was legally sufficient in light of the variance between the Appellant's injury defense ramified from a major automobile accident and medical restricted."  The argument portion of her brief does not discuss this issue at all.

An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). Further, "we know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One*, *N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Thus, an inadequately briefed point may be waived on appeal. *Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied)*; see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

We hold that Julia waived her second and third issues by failing to adequately brief them, and we therefore overrule them.

### Conclusion

Having overruled all of Julia's issues, we affirm the trial courts' orders.

PER CURIAM

PANEL M:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: July 3, 2008

10