**REVERSE and REMAND; and Opinion Filed March 25, 2013.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00233-CV

## IN THE MATTER OF THE MARRIAGE OF JESUS AND MARIA VILLA

On Appeal from the 330th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-10-12556-Y

## MEMORANDUM OPINION
Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Murphy

Jesus Villa brings this restricted appeal to set aside the trial court's default final decree of divorce. Jesus contends there is error on the face of the record because he did not receive the required notice of the default judgment hearing, the trial court granted more relief than his wife, Maria Villa, requested in her petition, and the evidence from the default judgment hearing is insufficient to support the default divorce decree. We reverse and remand.

### Background

Jesus and Maria filed competing petitions for divorce in July 2010. The contested issues involved division of the community property and debts, conservatorship of the couple's two

children, and possession and access to the children. Maria also alleged cruel treatment as an additional ground for the divorce.

In February 2011, the trial court signed an order permitting Jesus's counsel to withdraw. The order included a finding that Jesus's last known mailing address was 132 W. Avenue F, Garland, Texas 75040. After that time, it appears Jesus represented himself pro se.

Maria's attorney sent Jesus a letter dated July 1, 2011 (but filed stamped July 12, 2011), informing him that a pretrial hearing was scheduled for August 12, 2011. The letter reflected it was filed with the trial court and sent to Jesus's address on W. Avenue F in Garland by certified mail, return receipt requested. Although the letter notified Jesus of an August 12 pretrial hearing, no hearing was scheduled for the case on that date. Rather, the trial court's docket sheet revealed the hearing occurred on August 22. Jesus did not appear at that hearing, and the trial court reset the hearing for October 3, 2011. The handwritten docket entry for August 22 stated: "Reset P/T & mother's attorney to send appropriate notice re: P/T & default if [Jesus] fails to appear."

Jesus also did not appear at the October 3 hearing. The trial court's docket sheet for that date specifically noted that Jesus was "notified failure to appear could [result in] default" and that Maria "will come in [for] a default" hearing on October 13, 2011.

At the October 13 hearing, Maria's counsel recounted for the court that Maria "appeared at the pretrial [on October 3rd] and Jesus Villa failed to appear so thereafter the Court said that I need[ed] to present a decree by default." Maria's counsel then proceeded to present prove-up testimony through an interpreter in support of the final decree of divorce, which the trial court granted at the conclusion of the hearing. The docket sheet for that date indicated "[n]o appearances for trial" and that the divorce was "[f]inalized." The final decree of divorce was

signed on October 13, 2011. The record contains no indication the final decree was sent to Jesus. Jesus did not file any post-judgment motions but filed a notice of restricted appeal within six months of the default divorce decree.

## Discussion

To prevail on his restricted appeal, Jesus must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Because Jesus did not appear in the hearing that resulted in the final divorce decree and he timely filed his restricted appeal, he has met the first three requirements of a restricted appeal. TEX. R. APP. P. 26.1(c), 30. Thus, the only issue before us is whether error is apparent on the face of the record. In a restricted appeal, the "face of the record" means the papers on file with the trial court when it rendered judgment. *See Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.) (citing *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991)); *see also Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.).

Jesus asserts there are three reversible errors underlying the default divorce decree that are apparent on the face of the record, the first of which is that he did not have proper notice of the hearing at which the trial court signed the final decree of divorce (his second issue). A party who appears in the case is entitled to notice of a trial setting or hearing on a motion for default judgment as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 391 (Tex. 1989) (per curiam); *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas

- 3 -

1998, no pet.) (default judgment hearing constitutes a "trial setting" dispositive of the case). Texas Rule of Civil Procedure 245 requires that the notice given be no less than forty-five days of the first trial setting. *See* TEX. R. CIV. P. 245. Proper notice under rule 245 is mandatory. *See Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App—Dallas 2008, pet. denied). The failure to provide a party with the required notice deprives the party of his constitutional right to be present at the hearing and voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Campsey*, 111 S.W.3d at 771; *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ). If the party does not have notice of the hearing during which the trial court granted a default judgment as required by rule 245, the default judgment should be set aside because it is ineffectual. *Blanco*, 20 S.W.3d at 811–12; *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex. App.—Tyler 1999, no pet.).

It is generally presumed that a trial court hears a case only after notice has been given to the parties, so the obligation to affirmatively show the lack of notice or non-compliance with rule 245 lies with the complainant. *Campsey*, 111 S.W.3d at 771. If, however, the record affirmatively demonstrates less than forty-five days' notice, the presumption of proper notice will no longer be taken as true. *Blanco*, 20 S.W.3d at 811; *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied).

The record shows that after Jesus did not appear at the August 22 pretrial hearing, the trial court scheduled for October 3 a "P/T [hearing] & default if [Jesus] fails to appear." And after Jesus did not appear at the October 3 hearing, the trial court informed Maria's counsel that he "need[ed] to present a decree by default." The default hearing was then scheduled for October 13. The record does not show the trial court sent notice to Jesus that a default judgment

- 4 -

hearing on the merits of the divorce would be heard on October 13. But even if notice had been sent, the notice provided would be just ten days, not forty-five days as required under rule 245.

The record also shows that Maria's counsel represented to the court at the start of the October 13 hearing that Jesus "was served and ordered to appear at a pretrial on October 3rd." The October 3 hearing was set after Jesus failed to appear at the August 22 hearing. Assuming Jesus was notified (1) of the October 3 pretrial hearing and (2) that his failure to attend that hearing could result in his divorce immediately being set for default (as the docket entry noted), Jesus would have received just forty-two days' notice if the notice was sent on August 22 and less than forty-days' notice if it was sent after that date.

The record affirmatively demonstrates that under these circumstances, Jesus did not receive forty-five days' notice of the hearing that disposed of the contested issues in the divorce as required under rule 245. Thus, the default divorce decree was granted in violation of Jesus's due process rights. *Murphree*, 937 S.W.2d at 495. Because error is apparent on the face of the record based on the failure to give proper notice, we need not consider Jesus's remaining issues. *See* TEX. R. APP. P. 47.1. We sustain Jesus's second issue. We also confirm we have jurisdiction over this appeal as asserted by Jesus in his first issue. Accordingly, we reverse the default final decree of divorce and remand this case a new trial.

_____
MARY MURPHY
JUSTICE

120233F.P05

- 5 -



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE MARRIAGE
OF JESUS AND MARIA VILLA,

No. 05-12-00233-CV

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-10-12556-Y.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for a new trial. It is **ORDERED**
that appellant Jesus Villa recover his costs of this appeal from appellee Maria Villa.

Judgment entered this 25th day of March, 2013.

_____
MARY MURPHY
JUSTICE