**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00468-CV**
_____

**ALFONSO VEGA, Appellant**

**V.**

**VONDIA VEGA, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-04-04179-CV**

**MEMORANDUM OPINION**

Alfonso Vega[1] appeals the trial court's death penalty sanctions in his suit for divorce. In three issues before the Court, Alfonso argues that the trial court erred when it assessed death penalty sanctions against him by striking his pleadings, by not reducing its order to writing, and by not serving him with a copy of the "Trial

_____

[1] Because the parties share the same last name, we will refer to each party by their first name.

1

Preparation Order." We affirm in part, and reverse and remand in part, the judgment of the trial court.

**Procedural Background**

Alfonso and Vondia Vega were married in January 2009. On April 3, 2017, Vondia filed for divorce. Alfonso filed a counter petition for divorce on April 17, 2017. On June 13, 2017, the trial court purported to notify Vondia's and Alfonso's counsel via letter of its scheduling order and trial preparation order. The court addressed the letter to both Vondia and Alfonso's trial counsel and listed each attorney's fax number. No address for either attorney appears on the cover letter.

Attached to the letter was a scheduling order that notified the parties of discovery deadlines and when their case would be set for pretrial conference and trial. The scheduling order set the pretrial conference for October 20, 2017, at 9:00 a.m. In addition, the trial court attached a trial preparation order that stated, "**DOCKET CALL–PRETRIAL CONFERENCE** is set in this matter for **9:00 a.m. on Friday October 20, 2017.**" The trial preparation order required that both parties appear on that date for the pretrial conference and to be prepared to discuss all issues regarding the case, including settlement.

The trial court attempted to fax copies of the scheduling letter and its attachments to both attorneys. Per the clerk's record, the fax number for Alfonso's

2

attorney failed, showing "NO RESPONSE[,]" prompting the trial court to mail a copy of the scheduling letter and its attachments to Alfonso's attorney.[2] Alfonso did not file any additional documents before the October 20th pretrial conference.

On October 20, 2017, the date of the pretrial conference, Vondia and her trial counsel appeared, but Alfonso and his trial counsel did not appear. Vondia's attorney informed the trial court that they had attempted to reach Alfonso's attorney, but were not successful. Vondia's counsel also told the trial court that the parties had been scheduled for mediation, but it was cancelled. The following exchange occurred between Vondia's counsel and the trial court.

> THE COURT: [Y]ou and your client are the only ones here. You are not asking me to do anything else?
>
> [Vondia's Attorney:] Well, if you could nonsuit his pleadings that would be great, Judge.
>
> THE COURT: Are you asking me to strike the Respondent's pleading for failure to appear at the pre-trial conference?
>
> [Vondia's Attorney:] I am, Judge.
>
> THE COURT: Court will do so. I'll make a docket entry, and we will see you on the 30th at 9:00 a.m. whether it settles or not.

---

[2] In his counter petition for divorce filed with the district clerk in this case, Alfonso's trial counsel lists a different address than the address utilized by the trial court when it purported to mail the scheduling letter. The pleading does not list a fax number but does contain an email address for Alfonso's counsel, in compliance with Tex. R. Civ. P. 21 and Tex. Civ. Prac. & Rem. Code § 30.015.

[Vondia's Attorney:] Yes, sir. Thank you.

(Recess.)

The trial court then made a docket entry that stated,

> Petitioner and Petitioner's attorney present; Respondent and Respondent's attorney did not appear; No mediation (last mediation cancelled; one scheduled for next week); Respondent/CounterPetitioner's pleadings stricken for failure to appear at PT; Trial set for 10/30/2017 at 9am (3 hrs)[.]

Vondia's counsel did not file a formal motion for sanctions against Alfonso before the pretrial hearing.[3]

Both parties appeared for trial along with their counsel. Alfonso's attorney filed an "inventory and appraisement" the day of trial outlining various property and assets of each party with his assessment of the value and ownership. The trial court refused to allow Alfonso's counsel to present evidence regarding claims contained in his stricken pleadings or his newly filed inventory and appraisement.[4] After a bench trial, but before the trial court signed its judgment, Alfonso filed a motion for

---

[3] The trial court told Alfonso's counsel during the bench trial that the court was acting according to local rules when "[y]our pleadings were stricken for your failure to appear at the pretrial conference." Montgomery County local Rule 4.5(D) under subheading "Failure to file Financial Information Statements and Inventories" states that "[i]f both parties fail to comply with these rules, the court may strike the case from the docket."

[4] When questioned by the trial court as to how he received notice of the trial setting, Alfonso's counsel stated that he was only aware of it because he "looked it up last week."

4

new trial alleging that the trial court erred when it assessed death penalty sanctions. Alfonso's counsel argued that the trial court erred when it attempted to send the scheduling letter to a fax number and to an address not listed in his pleadings. He stated that per Texas Rules of Civil Procedure 21a, the only proper notification is through the e-filing manager. The trial court signed the final decree of divorce on November 15, 2017. Alfonso's counsel then filed a first amended motion for new trial, alleging the same arguments as his first motion for new trial. The motion for new trial was overruled by operation of law, and Alfonso timely appealed.

## Standard of Review

We review a trial court's imposition of sanctions under an abuse of discretion standard. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). We may only set aside the decision on a showing of clear abuse of discretion. *See id.* In making this determination, we examine whether the trial court acted without reference to any guiding rules and principles. *See id.* (citations omitted).

## Death Penalty Sanctions

A court order striking pleadings is commonly referred to as a "death-penalty sanction." *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 179 (Tex. 2012) (noting that Texas Rule of Civil Procedure 215.2(b)(5) authorizes a trial court to administer "death penalty sanctions" against a party for "discovery abuse,

5

justice and due process"). Although the trial court has the discretion to impose sanctions, the sanctions imposed must be "just." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991); *see also* Tex. R. Civ. P. 215.2(b). Whether the trial court imposed a just sanction is measured by two standards. *TransAmerican*, 811 S.W.2d at 917. First, the sanctions must bear a direct relationship to the offensive conduct. *Id.* Second, the sanctions must not be excessive. *Id.*

"Once a defendant has made an appearance in a case, he is entitled to notice of a trial setting as a matter of due process." *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *Green v. McAdams*, 857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no writ)). The law presumes that a trial court will hear a case only after proper notice to the parties. *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 492 n.4 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citation omitted); *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App.—Corpus Christi 1997, no writ) (citations omitted). Therefore, it is a denial of due process to convert a pre-trial conference into a trial setting or a default judgment hearing without notice to the defendant of that possibility. *Murphree*, 937 S.W.2d at 495; *Masterson v. Cox*, 886 S.W.2d 436, 439 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("We know of no authority by which the trial

6

court may turn a pretrial conference into a disposition hearing in the absence of a defendant who has answered, without having provided the absent defendant with notice of that possibility."); *see also Barbosa v. Hollis Rutledge & Assocs. Inc.*, No. 13-05-485-CV, 2007 WL 1845583, at *2 (Tex. App.—Corpus Christi June 28, 2007, no pet.) (mem. op.). "When confronted with whether a party received adequate notice of a final disposition of a case, appellate courts should construe applicable statutes liberally in favor of the right to appeal." *Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 341 (Tex. App.—Tyler 1998, pet. denied) (citation omitted). As noted by the Fourteenth Court of Appeals, neither Texas Rule of Civil Procedure 8 ("Attorney in Charge"), Rule 21a ("Methods of Service"), or Texas Civil Practices and Remedies Code section 30.015 ("Provision of Current Address of Party in Civil Action") statutorily mandate or describe what address an officer of the court should utilize in sending notice to attorneys. *Marathon Petroleum Co. v. Cherry Moving Co., Inc.*, 550 S.W.3d 791, 801–803 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 30.015 (West 2015); Tex. R. Civ. P. 8, 21a.

"[W]hen the statute is otherwise silent on the subject, we look to its purpose for guidance in divining the consequence for noncompliance." *AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 713 (Tex. 2018) (citation omitted).

7

"[I]f a particular consequence is logically necessary to accomplish the statute's purpose, the courts will apply that consequence." *Id.* Although the rules of civil procedure do not provide guidance as to what address a trial court should use in notifying attorneys of pretrial and trial settings, the purpose of the statute is to give proper notice to an attorney and that implies sending the notice to the correct address. *See id; see also* Tex. R. Civ. P. 166 (authorizing a trial court to take "appropriate action, to assist in the disposition of the case . . . [and] direct attorneys . . . and parties . . . to appear before it for a conference," but remaining silent as to a method, including determining the proper address, for the trial court to notify the parties of the pretrial conference). Some guidance can be found in Texas Rule of Civil Procedure 165a. Tex. R. Civ. P. 165a. The legislature mandated in Rule 165a that for a trial court to dismiss a case for want of prosecution, notice must be sent by the clerk to an address filed in the papers of the court. Tex. R. Civ. P. 165a (stating that for a trial court to dismiss a case for want of prosecution, the "Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file"). This rule requires the trial courts and its officers to send proper notices of dismissal to the addresses listed by the attorneys in the court's file. *See Wolfe v. Grant Prideco, Inc.*,

53 S.W.3d 771, 773–74 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citation omitted) (holding that a clerk is not authorized to send notice of an intent to dismiss to any other address than "the address shown in the papers on file[,]" and committed an "official mistake" by using the address in the attorney registry rather than the address on his pleadings); *see also Burress v. Richardson*, 97 S.W.3d 806, 807 (Tex. App.—Dallas 2003, no pet.) (citation omitted) ("[O]nce the court clerk received the returned notices marked undeliverable as addressed, the court clerk had a duty to re-examine the file to determine if there was evidence of a correct address."); *Mann, Frankfort, Stein & Lipp, P.C. v. Fleetwood Mgmt. Corp.*, No. 01-99-00927-CV, 2000 WL 280438, at *2 (Tex. App.—Houston [1st Dist.] Mar. 16, 2000, no pet.) (holding that in a restricted appeal, evidence showing a petition with the current address, notices sent by officers of the court to the former address, and an envelope bearing the words "Forwarding Address Expired" was sufficient to show lack of notice and error on the face of the record).

The trial court erred when it struck Alfonso's pleadings without proper notice of the pretrial conference. The record reflects that Alfonso's counsel filed a counter petition for divorce in April 2017. The counter petition listed a different address than the one the trial court utilized to mail the scheduling letter and its attachments to Alfonso's counsel. The pleading does not list a fax number. The trial court did not

9

attempt to provide notice to trial counsel of its pretrial discovery order by using the e-file system.

We sustain Alfonso's third issue, reverse the ruling of the trial court striking Alfonso's pleadings, affirm the trial court's dissolution of the parties' marriage, and remand to the trial court for a new trial on the sole issue of a just and right division of property as raised by both Vondia's and Alfonso's pleadings. Given our resolution of that issue, we need not reach Alfonso's remaining issues since resolving his arguments are not necessary to our resolution of his appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

_____
CHARLES KREGER
Justice

Submitted on April 1, 2019
Opinion Delivered August 22, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

10