**Bobbie BURRESS d/b/a Car Country, USA, Appellant,**

**v.**

**Terry RICHARDSON, Appellee.**

**No. 05–02–00244–CV.**

Court of Appeals of Texas, Dallas.

Jan. 24, 2003.

Bobbie M. Burress, pro se.

Marshal W. Dooley, Dooley & Rucker, P.C., Dallas, for appellant.

Donald H. Brandt, Jr., Richardson, for appellee.

Terry Richardson, pro se.

Before Chief Justices THOMAS, CORNELIUS,[1] and BOYD.[2]

**OPINION**

Opinion by Chief Justice CORNELIUS (Retired).

Bobby Burress, d/b/a Car Country USA (Burress) appeals the post-answer default judgment rendered in favor of Terry Richardson in Richardson's suit against Burress for fraudulent representations made in the sale of an automobile. In his sole point, Burress argues the trial court erred

---

**1.** The Honorable William J. Cornelius, Chief Justice, Retired, Sixth District Court of Appeals, Texarkana, Texas, sitting by assignment.

**2.** The Honorable John T. Boyd, Chief Justice, Retired, Seventh District Court of Appeals, Amarillo, Texas, sitting by assignment.

in rendering a default judgment against him because the court clerk sent his notice of the trial date to an incorrect address even though the clerk had the correct address on file. We reverse the trial court's judgment and remand the cause for a new trial.

■ Richardson's third amended original petition[3] stated that Burress could be served at 5010 Forest Bend, Dallas, Texas 75240. Burress subsequently filed his original answer and general denial. On November 26, 2001, the trial court issued its notice of trial setting, setting the trial for January 14, 2002. Instead of sending the notice to the correct Forest Bend address, the court clerk sent the notice to two addresses: Bobby Burress, 2103 Heather Court, McKinney, Texas 75070 and Car Country USA, 700 N. McDonald, McKinney, Texas 75069. The Heather Court notice was returned to the court clerk with a handwritten notation, "Return to Sender. No such person at this address," and a printed stamped notation, "RETURN TO SENDER. UNDELIVERABLE AS ADDRESSED." The McDonald notice was returned to the court clerk with the same printed stamped notation as the Heather Court notice. On January 14, 2002, Richardson appeared and announced ready for trial, but Burress did not. Although the returned notices were in the trial court's file and the trial judge took judicial notice of the file, the trial court nevertheless held trial, found that Burress failed to furnish Richardson with a clear title for the vehicle, and rendered judgment for Richardson, awarding title, damages, and attorney's fees. Later that same day, Richardson filed a certificate of last known mailing address, which showed the correct address. Burress received a conformed copy of the judgment, which the court clerk mailed to the correct

address. Burress did not file a motion for new trial. On February 13, 2002, he filed his notice of appeal.

Burress argues the trial court committed reversible error in rendering a post-answer default judgment against him because he was not notified of the trial date. Richardson did not file an appellate brief.

■ Rule 245 of the rules of civil procedure provides that a court may on its own motion set a contested case for a first setting for trial, with reasonable notice to the parties of not less than forty-five days. *See* Tex.R. Civ. P. 245. This notice is mandatory and involves the constitutionally protected right of due process. *See Transoceanic Shipping Co., Inc. v. Gen'l Universal Sys., Inc.,* 961 S.W.2d 418, 420 n. 2 (Tex.App.-Houston [1st Dist.] 1997, no writ). Based on the facts recited above, error is facially apparent in the record because it indicates Burress did not receive the required notice of the trial setting. Once the court clerk received the returned notices marked undeliverable as addressed, the court clerk had a duty to re-examine the file to determine if there was evidence of a correct address. *See Dickerson v. Sonat Exploration Co.,* 975 S.W.2d 339, 342 (Tex.App.-Tyler 1998, pet. denied). Upon re-examination, the court clerk would have found such evidence in Richardson's live pleading, to which Burress responded.

We reverse the trial court's judgment and remand the cause for a new trial.

---

3. The clerk's record does not include the original or second amended petition.