339 S.W.3d 156 (2011)
In the Interest of I.L.S., a minor child.
No. 05-09-01375-CV.
Court of Appeals of Texas, Dallas.
March 2, 2011.
*157 Lakeith Amir-Sharif, Fort Stockton, TX, for appellant.
Alida Lachelle Smith, Mesquite, TX, for appellee.
Before Chief Justice WRIGHT, Justice MARTIN RICHTER, and Justice LANG.

OPINION
Opinion By Justice MARTIN RICHTER.
Appellant, Lakeith Raqib Amir-Sharif, appeals the trial court's default judgment decreeing that he is the biological father of I.L.S., a child. In one issue, Amir-Sharif asserts the trial court erred by not allowing him the opportunity to participate in the proceedings to establish the parent-child relationship. We reverse the trial court's default judgment and remand this case for further proceedings consistent with this opinion.

BACKGROUND
On April 22, 2009, the Office of the Attorney General filed a petition to establish the parent-child relationship between Amir-Sharif and I.L.S. Amir-Sharif was served with citation and a copy of the petition on May 15, 2009. On June 8, 2009, Amir-Sharif, who was incarcerated and proceeding pro se, filed a document titled "Lakeith Amir-Sharif's Objections And Request For A Stay of The Proceedings" in which he claimed he had not been properly served because the copy of the petition accompanying the citation was missing a page. Amir-Sharif requested the proceedings be stayed pending proper service. On July 15, 2009, the associate *158 judge signed an order for parentage testing. Amir-Sharif refused to sign the consent or submit to the associate judge's order for scientific parentage testing.
On October 8, 2009, the associate judge held a hearing on the petition to establish the parent-child relationship and signed a default order declaring Amir-Sharif to be the child's biological father. The order appointed Amir-Sharif joint managing conservator but, noting Amir-Sharif was incarcerated, declined to make orders regarding child support and health insurance coverage. Although Amir-Sharif did not appear due to his incarceration, the default order erroneously stated he was present at the hearing.
On November 9, 2009, Amir-Sharif filed a notice of appeal with this Court. Amir-Sharif's sole issue on appeal is that the trial court abused its discretion by not allowing him the opportunity to participate in the October 8, 2009 hearing wherein the associate judge court rendered the parentage determination.

DISCUSSION

A. Default Order
An associate judge signed a default order establishing the parent-child relationship between Amir-Sharif and I.L.S. See TEX. FAM.CODE ANN. § 201.007(a)(14)(B) (West 2008) (allowing an associate judge to render and sign a final default order). The default order meets the requirements for a final order set forth in Section 105.006 of the Texas Family Code, and disposes of all issues and parties in the suit. See TEX. FAM.CODE ANN. § 105.006 (West 2008); see also Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.2001). The record contains no indication that Amir-Sharif requested a de novo hearing before the referring court. See TEX. FAM.CODE ANN. § 201.015 (West Supp.2010). However, even if he failed to request such a hearing, Amir-Sharif is not deprived of the right to appeal to or request other relief from this Court. See TEX. FAM.CODE ANN. § 201.016(a) (West 2008); see also In re W.G.S., 107 S.W.3d 624, 630 (Tex.App.-Corpus Christi 2002, no pet.); In re S.G.S., 53 S.W.3d 848, 852 (Tex.App.-Fort Worth 2001, no pet.). Because a default order rendered and signed by an associate judge constitutes an order of the referring court, the date on which the associate judge signs such an order is the controlling date for purposes of an appeal to an appellate court. See TEX. FAM.CODE ANN. §§ 201.007(c), 201.016(c) (West 2008). We conclude Amir-Sharif filed a timely notice of appeal.

B. Amir Sharif's Answer
The associate judge entered a default judgment against Amir-Sharif, declaring him to be the biological father of I.L.S., despite the timely filing of Amir-Sharif's objection. Amir-Sharif's objection was not in the "standard form" of an answer. Nevertheless, the document he filed gave the trial court a timely response acknowledging receipt of citation. See Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex.1992); see also Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc., 737 S.W.2d 55, 56 (Tex.App.-San Antonio 1987, no writ) ("Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record."). Amir-Sharif's objection stated the reason he believed he could not file an answerbecause the copy of the petition served on him was missing a page. His objection also identified the parties, the case, and Amir-Sharif's current address. See Hughes v. Habitat Apartments, 860 S.W.2d 872, 873 (Tex.1993) (a pauper's affidavit supplying the type of information found adequate for a pro se answer in *159 Lippmann sufficed as a pro se answer entitling defendant to notice of hearing); Lippmann, 826 S.W.2d at 138 (a timely filed pro se letter from defendant identifying the parties, the case, and defendant's current address was a sufficient answer to defeat default judgment). We conclude Amir-Sharif's timely filed objection constituted an appearance in the matter and was sufficient to defeat a no-answer default judgment. See Lippmann, 826 S.W.2d at 138.

C. No-Answer Default Judgment
A no-answer default judgment may not be rendered against a defendant who has filed an answer. See Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex.1989) (per curiam); In re K.B.A., 145 S.W.3d 685, 692 (Tex.App.-Fort Worth 2004, no pet.); Ameri First Financial Corp. v. Benemax Employee Leasing, Inc., 2002 WL 216123, at *1 (Tex.App.-Dallas Feb. 13, 2002, no pet.). Because Amir-Sharif appeared by answer, he was entitled to notice of any subsequent proceedings in the case. See In re J.P., 196 S.W.3d 434, 437 (Tex.App.-Dallas 2006, no pet.). This notice is mandatory and involves the constitutionally protected right of due process. See TEX.R. CIV. P. 245; see also LBL Oil Co. v. Int'l Power Services, Inc., 777 S.W.2d 390, 390-91 (Tex.1989); Burress v. Richardson, 97 S.W.3d 806, 807 (Tex.App.-Dallas 2003, no pet.). The record demonstrates that Amir-Sharif was not given notice of the hearing on the petition to establish the parent-child relationship. See Burress, 97 S.W.3d at 807.
Given that Amir-Sharif timely filed an answer to the underlying petition, we conclude he was entitled to notice of the hearing. We further conclude that the trial court erred in entering the no-answer default judgment because proper notice was not given. Accordingly, we sustain Amir-Sharif's sole issue on appeal.

CONCLUSION
We reverse the default judgment of the trial court and remand for proceedings consistent with this opinion.