

# NUMBER 13-17-00410-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SILVIA V. GUEVARA,                                                      Appellant,

v.

MARCO ANTONIO GUEVARA,                                              Appellee.

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Benavides**

In this restricted appeal, appellant Silvia Guevara (Silvia) challenges the trial court's divorce decree awarding custody and the entire marital estate to appellee, Marco Guevara (Marco). In four issues, Silvia argues: (1) the default judgment must be set aside because she was not given the required forty-five day notice of the final hearing; (2) Marco presented insufficient evidence to rebut the presumption that it is in the children's best interest to have both parents appointed joint managing conservators; (3) Marco presented

insufficient evidence to support the judgment denying Silvia access to and possession of the children and deviating from the standard possession order; and (4) Marco presented insufficient evidence to support a judgment awarding him 100% of the community estate. We reverse and remand.

## I.    BACKGROUND

Marco filed for divorce from Silvia after approximately twelve years of marriage. They have three children together:  P.G., A.G., and M.A.G.  In his petition, Marco requested the trial court appoint him as the sole managing conservator of the children and to order Silvia to pay child support.

Silvia filed her original answer in response to the petition for divorce in the form of a general denial and requested attorney's fees from Marco.  Silvia also filed a counter-petition for divorce, requesting that the trial court appoint Silvia the sole managing conservator of the children and order Marco to pay child support.  Silvia also requested the trial court deny Marco access to the children due to a history of family violence in the two-year period prior to the filing of the lawsuit.

On November 2, 2016, the trial court entered a written order that set the parties' petitions for divorce for final hearing on December 14, 2016, forty-two days from the date of the order.  On December 2, 2016, Silvia's attorney filed a motion to withdraw, stating that Silvia failed to comply with their agreement and had not made any payments toward her legal fees.  On December 14, 2016, Silvia's attorney stated to the trial court that she e-mailed Silvia the motion to withdraw, to which Silvia responded, but there had been no further communication between them.  The trial court granted the motion to withdraw prior to the final hearing.  Silvia did not appear at the final orders hearing.

After hearing minimal testimony from Marco, the trial court appointed Marco the sole managing conservator of the children. The trial court also ordered visitation by Silvia as would be agreed to by the parties. Silvia was ordered to pay child support. Additionally, the trial court awarded Marco his sole separate property, all of his retirement account, a property in Brownsville, Texas, and a Nissan sedan.

Silvia filed this restricted appeal challenging the trial court's final decree of divorce.

## II.    RESTRICTED APPEAL

To prevail on a restricted appeal, the appellant must establish that: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi 2003, no pet.). The first three requirements are jurisdictional, and we may not consider the appeal if they are not met. *Clopton v. Park*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied); *see* TEX. R. APP. P. 30. A restricted appeal is a direct attack on the judgment; the only limitation on the scope of the review is that error must be apparent on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). For these purposes, "the record" constitutes all documents on file with the court of appeals and all evidence that was before the trial court. *Alexander*, 134 S.W.3d at 848–49. The record conclusively shows that the appellant meets the first three requirements for a restricted appeal. The only question is the fourth prong of the test, whether error is apparent on the

3

face of the record. We will only address Silvia's first issue because it is dispositive of the case. *See* TEX. R. APP. P. 47.1.

### III. RULE 245 REQUIREMENT

By her first issue, Silvia argues that error is apparent on the face of the record and that the trial court's judgment must be set aside because the trial court did not comply with the requirements of Rule 245 of the Texas Rules of Civil Procedure, causing Silvia to receive less than forty-five days' notice of the final hearing. *See* TEX. R. CIV. P. 245.

### A. Applicable Law and Discussion

Rule 245 of the Texas Rules of Civil Procedure provides that a trial court "may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." *In re K.M.L.*, 443 S.W.3d 101, 118 (Tex. 2014) (quoting TEX. R. CIV. P. 245). The "notice required by Rule 245 'is mandatory and involves the constitutionally protected right of due process.'" *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.). "If a timely answer has been filed in a contested case or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case, even when that party previously waived notice of citation." *In re K.M.L.*, 443 S.W.3d at 118-19. "A trial court's failure to comply with the notice requirements in a contested case deprives a party of his constitutional right to be present at the hearing and to voice his objections in an appropriate manner, resulting in a violation of fundamental due process." *Id.*

Although due process can be waived by the appellant appearing, Silvia did not appear at the final hearing in this case. Silvia's attorney testified that Silvia was aware of the hearing date based on e-mail correspondence when she moved to withdraw from the case, but no documents were offered before the trial court or this Court to show that Silvia had received proper notice of this hearing date. The clerk's record in this Court also includes an entry on the docket sheet showing that there appeared to have been a prior hearing or setting where the trial court set the December 14 date. The entry does not detail who was present at this prior court setting. However, even if the entry did show Silvia was present, "docket sheets are not evidence and, therefore, cannot demonstrate that proper notice was given." *Davis v. West*, 433 S.W.3d 101, 109 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Additionally, even if Silvia had notice of the final hearing, the trial court still scheduled and held the hearing with less than forty-five days' notice to the parties. *See In re K.M.L.*, 443 S.W.3d at 118; *In re I.L.S.*, 339 S.W.3d at 159. Silvia was required to have "not less than forty-five" days' notice, and the trial court violated her due process rights by holding a hearing before that. *See In re K.M.L.*, 443 S.W.3d at 118–19.

Therefore, we hold that the trial court violated Rule 245 of the Texas Rules of Civil Procedure by not giving proper notice of the final hearing. *See* TEX. R. CIV. P. 245. We sustain Silvia's first issue.[1]

---

[1] In a restricted appeal of a post-answer default judgment, the remedy for a factual sufficiency challenge is to reverse and remand for a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). Although Silvia raises legal and factual sufficiency challenges to the evidence, Silvia only requests that we reverse and remand for a new trial. Therefore, Silvia would be afforded no greater relief on those issues than she is entitled to on her notice issue.

## IV.    CONCLUSION

We reverse and remand to the trial court for a new trial.


GINA M. BENAVIDES,
Justice


Delivered and filed the
21st day of December, 2017.