

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00586-CV

Juan Garcia **MORENO**,
Appellant

v.

Maria M. **MORENO**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 1988-CI-17672
Honorable Antonia Arteaga, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: July 18, 2018

REVERSED AND REMANDED

This is a restricted appeal of a post-answer default order in which Juan Garcia Moreno

asserts he was not served with notice of the hearing. We reverse the trial court's order and remand

the cause to the trial court for further proceedings.

### BACKGROUND

In 1989, the trial court in the underlying cause entered an agreed decree of divorce. In the

agreed decree, the trial court found Juan had served in the military for 243 months and had been

married to Maria for 243 months during that tenure. The trial court further found Juan held the

rank of E-8 with 20 years and 3 months of service. The trial court awarded Maria the following

portion of Juan's military retirement:

| ½ | x | 243 months of marriage | x | Respondent's net disposable |
|---|---|---|---|---|
| | | months Respondent serves | | pay as E-8 at the time of |
| | | in military | | divorce |

In 2002, the trial court entered an order clarifying the amount of Juan's military retirement awarded

to Maria would also include "41% OF ALL COLA INCREASES, BEGINNING ON THE DATE

THIS ORDER IS SIGNED."

On May 24, 2016, Maria filed a motion for clarification and enforcement of the divorce

decree, asserting Juan had only paid her a portion of the amount of the military retirement pay to

which she was entitled. Juan filed a pro se answer, listing his address as a post office box in

Killeen, Texas.

On June 20, 2016, Maria filed a motion to set the cause on the non-jury docket for August

5, 2016. The motion contains a certificate of service stating a copy of the motion was served on

Juan at the Killeen address listed in Juan's pro se answer.

The next pleading in the clerk's record is a second motion filed by Maria to set the cause

on the non-jury docket for November 2, 2016. Maria's second motion was filed on October 24,

2016, and the motion contains a certificate of service stating a copy of the motion was served on

Juan through his attorney of record Manuel V. Rodriguez.

The next pleading in the clerk's record is a third motion filed by Maria to set the cause on

the non-jury docket for March 23, 2017. Maria's third motion was filed on March 20, 2017, and

the motion contains a certificate of service stating a copy of the motion was served on "Respondent

attorney of record through e-file."

On March 23, 2017, the trial court signed a default order. In the order, the trial court found

Maria is entitled to receive 43.5% of Juan's military retirement pay. The trial court also found

Juan had failed to pay Maria $58,511.89 in military retirement pay to which she was entitled. The trial court awarded Maria a judgment for that amount and further awarded her attorney a judgment for $11,698.00 in attorney's fees. Finally, the order incorporated a domestic relations order with regard to Juan's military retirement pay. Maria's attorney signed and filed an attorney's certificate of respondent's last known mailing address on the same day the order was signed, listing a street address in Killeen, Texas, for Juan and an address for the Law Office of Manuel V. Rodriguez.

On September 14, 2017, Juan filed his notice of restricted appeal.

## DISCUSSION

To prevail on his restricted appeal, Juan must show that: (1) he filed his notice of restricted appeal within six months after the trial court signed the order; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of order and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30. The record clearly establishes Juan met the first three requirements; therefore, we focus our attention on the fourth requirement, i.e., whether error is apparent on the face of the record. The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied). In this case, the record consists only of the clerk's record.

"Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam). If the record affirmatively shows a defendant did not receive notice of such a setting, error is apparent on the face of the record. *Wilson v. Am. Builders*

*& Contractors Supply Co.*, No. 01-12-00537-CV, 2012 WL 3234059, at *1 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.) (mem. op.) (per curiam); *Tex. Dep't of Pub. Safety v. Flores*, No. 04-07-00257-CV, 2008 WL 372473, at *1 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (mem. op.); *Burress v. Richardson*, 97 S.W.3d 806, 807 (Tex. App.—Dallas 2003, no pet.).

Rule 21(b) of the Texas Rules of Civil Procedure requires notice of a hearing to be served on all parties not less than three days before the time specified for the hearing. TEX. R. CIV. P. 21(b). Rule 21a(a) specifies the required methods of service and provides notice of a hearing must be served by delivering a copy to the party to be served or the party's duty authorized agent or attorney of record. TEX. R. CIV. P. 21a(a). In this case, the certificate of service contained in Maria's motion setting the cause for the March 23, 2017 hearing stated the motion was served on "Respondent attorney of record through e-file."

"An attorney becomes an 'attorney of record' of a party by filing pleadings or appearing in open court on a party's behalf." *Ordonez v. Solorio*, 480 S.W.3d 56, 62 (Tex. App.—El Paso 2015, no pet.); *see Smith v. Smith*, 241 S.W.3d 904, 907-08 (Tex. App.—Beaumont 2007, no pet.) (holding attorney was not appellant's attorney of record where record did not indicate attorney filed an answer or appeared in open court on appellant's behalf). In this case, the clerk's record does not contain any pleadings filed by an attorney on Juan's behalf in response to Maria's 2016 motion, and the trial court's order states Juan did not appear and wholly made default. Accordingly, the face of the record establishes that Juan was not served with notice of the March 23, 2017 hearing by the method required by Rule 21a(a). *See In re Estate of Moore*, No. 08-14-00298-CV, 2018 WL 1325048, at *2 (Tex. App.—El Paso Mar. 15, 2018, no pet.) (holding appellant not properly served where certificate of service reflected service was to attorney who did not appear as attorney of record). As a result, error is apparent on the face of the record.

## CONCLUSION

The order of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice