**Opinion issued August 1, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00695-CV

———————————

**RODNEY RAY, Appellant**

**V.**

**TAMISHA TOTTENHAM, Appellee**

---

**On Appeal from County Court at Law No 1**
**Galveston County, Texas**
**Trial Court Case No. 21-FD-2306**

---

## MEMORANDUM OPINION

Appellant Rodney Ray filed a restricted appeal from the trial court's final decree of divorce from appellee Tamisha Tottenham. Ray argues that (1) he meets the procedural requirements for a restricted appeal, and error is apparent on the face of the record because (2) the trial was held without 45 days' notice to him;

(3) the record does not indicate that he was served with notice of the trial; and (4) Tottenham presented insufficient evidence to support the property division in the final decree. Because Ray did not receive the 45 days' notice required by Texas Rule of Civil Procedure 245, we reverse and remand for a new trial.

## Background

According to Tottenham's divorce petition, she and Ray married on July 26, 2021. Tottenham filed for divorce on November 4, 2021. It appears that Ray was served with citation on January 25, 2022. On February 11, 2022, Ray filed an answer generally denying Tottenham's claims, with a prayer asking the trial court "to grant [him] a divorce" and "to make the other orders [he has] asked for in this *Answer* and any other orders to which [he was] entitled." The record contains a notice dated April 14, 2022, addressed to Ray at the P.O. box listed in his answer, notifying him of a bench trial setting for April 28, 2022.

Ray failed to appear at the bench trial on April 28, 2022. Tottenham provided brief testimony. She told the trial court that she had served Ray with citation and mistakenly stated that he "has not filed an appearance." Tottenham identified one item of community property—a work truck associated with Ray's business. She asked that the trial court remove her as a co-guarantor on the truck loan, making Ray the sole guarantor. She requested 50% of the funds from the business until she was successfully removed as a guarantor for the truck. She also

identified debt from a business loan and gas credit card that she wanted assigned to Ray, and she asked for reimbursement of amounts she had paid to those accounts. The clerk's record contains documents, such as screen shots and account statements, regarding the accounts she identified on the record at the hearing.

The trial court found on the record that Ray "had notice to appear today," that he "failed to appear and is wholly in default." The trial court granted the divorce. The final decree of divorce, signed April 28, 2022, identified one item of community property—the truck. It also allocated to Ray several debts associated with his business: a signature loan through "Coastal Community FCU"; the WEX gas credit card; and the commercial loan for the truck. The final decree included an appendix consisting of Tottenham's proposed division of the assets, in which she requested "1/2 of the funds received from [the business] R&T Ray's LLC since October 7, 2021 (day contract was signed) and truck began transporting goods until Tamisha Tottenham-Ray is removed as 50% guarantor on loan." However, nothing in the final decree itself awarded any payments or reimbursements from the marital estate to Tottenham.

Tottenham attempted to enforce the decree by filing a petition for enforcement of division of property by contempt. On September 27, 2022, Ray filed a notice of restricted appeal.

## Restricted Appeal

Ray contends in four issues that he is entitled to reversal of the trial court's decree through a restricted appeal.

### A. Standard of Review

To prevail on a restricted appeal, an appellant must demonstrate that:

(1) he filed notice of the restricted appeal within six months after the judgment was signed;

(2) he was a party to the underlying lawsuit;

(3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. The "face of the record" consists of all the documents that were before the trial court at the time it rendered judgment. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2013, no pet.) (mem. op.) ("The 'face of the record' includes all papers on file in the appeal and the reporter's record, if any.").

The requirement that error be apparent on the face of the record means "error that is merely inferred will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430,

431 (Tex. 2009) (per curiam). However, restricted appeals may include challenges to the legal and factual sufficiency of the evidence. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). "Review by [restricted appeal] affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case." *Id.*

**B.    Analysis**

We agree with Ray that he established the procedural requirements of a restricted appeal. He filed his notice of restricted appeal within six months of the date that the trial court signed the decree of divorce, he was a party to the underlying lawsuit, and the reporter's record and the decree itself affirmatively demonstrate that Ray did not participate in the final hearing. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 495. In his remaining issues, Ray asserts various errors that he contends are apparent on the face of the record. We will only address Ray's second issue, contending that he did not receive the 45 days' notice of the final hearing as required by Rule of Civil Procedure 245, because it is dispositive of the case. *See* TEX. R. APP. P. 47.1.

"A post-answer default is one rendered when the defendant has filed an answer, but fails to appear at trial." *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 WL 4118023, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.) (quoting *Mahand v. Delaney*, 60 S.W.3d 371, 373 (Tex. App.—

5

Houston [1st Dist.] 2001, no pet.)). When a party has filed an answer, he has appeared and placed "in issue" the matters raised in the plaintiff's petition, and the case becomes "contested." *Highsmith v. Highsmith*, 587 S.W.3d 771, 777–78 (Tex. 2019); *Hildebrand*, 2020 WL 4118023, at *4.

Texas Rule of Civil Procedure 245 provides that a trial court "may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." TEX. R. CIV. P. 245; *In re K.M.L.*, 443 S.W.3d 101, 118 (Tex. 2014). "If a timely answer has been filed in a contested case or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case[.]" *In re K.L.M.*, 443 S.W.3d at 118–19 (holding that defendant is entitled to notice of case setting "even when that party previously waived notice of citation") (citing *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 86–87 (1988)). "A trial court's failure to comply with the notice requirements in a contested case deprives a party of his constitutional right to be present at the hearing and to voice his objections in an appropriate manner, resulting in a violation of fundamental due process." *Id.* (citing *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)); *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.). "Thus, a plaintiff may not take a post-answer default

judgment against a defendant on less than 45 days' notice of the final hearing; otherwise the post-answer default judgment is ineffectual and should be set aside." *Hildebrand*, 2020 WL 4118023, at \*4 (citing *Blanco*, 20 S.W.3d at 811); *see* TEX. R. CIV. P. 245; *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.) (holding that notice required by Rule 245 "is mandatory and involves the constitutionally protected right of due process").

We presume that trial courts will only hear cases upon proper notice to the parties. *Hildebrand*, 2020 WL 4118023, at \*4 (citing *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)). "To rebut this presumption, an appellant must affirmatively show a lack of notice, which generally requires affidavits or other competent evidence showing that he did not receive proper notice." *Id.*; *Blanco*, 20 S.W.3d at 811; *Osborn*, 961 S.W.2d at 411.

Here, Ray filed an answer containing a general denial, which placed in issue and contested the matters that Tottenham raised in her petition. *See Highsmith*, 587 S.W.3d at 777–78; *Hildebrand*, 2020 WL 4118023 at \*4–5. Ray therefore had a constitutional due process right to receive adequate notice of the final hearing. The record contains a notice dated April 14, 2022, purporting to notify Ray of the April 28, 2022 bench trial setting. The record does not indicate when or how this notice was served on Ray, but we are aware that the rules do not impose a duty on the trial court or its personnel to include documentary evidence in the record that

7

notice of a trial setting was given. *See Richardson v. Sims*, No. 01-15-01115-CV, 2016 WL 5787291, at \*2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2016, no pet.) (mem. op.) (citing *Garcia v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 803 (Tex. App.—Houston [1st Dist.] 1992, writ denied)).

Nevertheless, even if we presume that the notice was immediately served on Ray, the face of the record affirmatively demonstrates that Ray did not receive the 45 days' notice required by Rule 245. At most, he received only 14 days' notice. *See Hildebrand*, 2020 WL 4118023, at \*5 (concluding that 39 days' notice was insufficient to satisfy requirements of Rule 245); *Blanco*, 20 S.W.3d at 811–12 (holding that filing notice of setting 15 days before final hearing was insufficient under Rule 245); *see also* TEX. R. CIV. P. 245 (requiring at least 45 days' notice of initial trial setting). Because the record affirmatively shows that Ray received less than 45 days' notice of the final hearing, he was deprived of his due process right to receive notice. *See Highsmith*, 587 S.W.3d at 777–78; *Hildebrand*, 2020 WL 4118023, at \*4–5; *Blanco*, 20 S.W.3d at 811–12.

We hold, therefore, that the post-answer default divorce decree is ineffectual for lack of adequate notice. *See Hildebrand*, 2020 WL 4118023, at \*5 (observing that reversing and remanding for new trial is appropriate remedy for lack of adequate notice); *Blanco*, 20 S.W.3d at 811 (holding that, if notice is not given in

compliance with Rule 245, "the post-answer default judgment should be set aside because it is ineffectual").

We sustain Ray's second issue.

## Conclusion

Because Ray has established his right to a restricted appeal, including by establishing that the face of the record demonstrates that he received inadequate notice of the trial setting, we reverse the trial court's decree and remand for a new trial.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.