**Reverse and Remand and Opinion Filed October 9, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01082-CV

**EMPOWERMENT HOMES, LLC AND LUIS ANDREWS ARCE,**
**Appellants**
**V.**
**ROSA ALEMAN AND RODRIGO CALDERON, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17546**

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

The underlying lawsuit originated from a joint venture agreement to renovate and flip a residential property. Appellees Rosa Aleman and Rodrigo Calderon sued appellant Empowerment Homes, LLC for breach of fiduciary duty, common law fraud, and fraud in the inducement. Appellees also sued appellant Luis Andrews Arce in his individual capacity as a manager of Empowerment Homes. The trial court granted default judgment against Empowerment Homes and summary judgment against Arce. On appeal, appellants argue the trial court erred by (1) denying their motion for new trial challenging the default judgment; (2) denying

their motion to withdraw deemed admissions; and (3) granting summary judgment. Appellants further contend the judgment incorrectly holds them jointly and severally liable for exemplary damages. Because the trial court erred by granting both the default judgment and summary judgment, we reverse and remand for further proceedings.

## Factual and Procedural Background

On July 14, 2018, appellees entered into a joint venture agreement with Empowerment Homes, Arce (as its managing member), DFDUB Homes, LLC, and Nick Games (as DFDUB Homes's principal). They agreed to purchase, renovate, and flip a home located in Dallas, Texas. Per the agreement, appellees provided cash for material, work, and acquisition of the home; appellants provided lines of credit to acquire the property and materials and real estate knowledge to market and sell the home; and DFDUB acted as general contractor. The parties agreed to equally split sales proceeds.

Arce arranged for a $233,300 loan and purchased the home on behalf of Empowerment Homes for $209,000; however, the total cost with closing and other expenses equaled $260,000. Appellees advanced approximately $155,000 in the venture and were responsible for a $2,500 monthly interest loan payment.

Appellees believed Arce had significant experience in real estate, and based on his experience, they believed his representation that the home would sell for approximately $450,0000 after renovation. Arce listed the renovated home in July

–2–

2018 for $450,000, but it did not sell. By the end of December 2018, appellees could no longer pay the monthly loan payment. The parties agreed to lease the home for $2,500 a month with the rental payments going towards the loan.

In April 2019, appellees discovered Arce collected rent, but did not apply it towards the loan. The home was ultimately sold in a foreclosure auction in October 2019. Appellees received nothing from the sale and lost their investment.

On November 24, 2020, appellees filed suit against Empowerment Homes and Arce for fraudulent inducement, common law fraud, and breach of fiduciary duty. They also asserted Arce should be held vicariously liable for acts committed by Empowerment Homes. Arce filed a pro se answer on December 28, 2020.

On May 24, 2022, appellees filed a motion for default judgment against Empowerment Homes. On the same day, they filed a traditional and no-evidence motion for summary judgment against Arce. They supported their summary judgment motions, in part, with deemed admissions.

On June 28, 2022, the trial court granted summary judgment in favor of appellees on their claims. It further found Empowerment Homes was the alter ego of Arce, and the corporate fiction was used to perpetuate an actual fraud on appellees for Arce's direct benefit. The trial court awarded $192,448.00 in compensatory damages, $21,666.84 in prejudgment interest, and $384,896.00 in exemplary damages for a total judgment of $599,010.84. It further ordered Arce and Empowerment Homes jointly and severally liable. On the same day, the trial court

granted default judgment against Empowerment Homes for its failure to timely answer the lawsuit despite being "duly cited to appear and answer."

Appellants subsequently filed a motion for new trial seeking to set aside the default judgment and to "undeem" deemed admissions. The trial court denied the motion, and this appeal followed.

## Default Judgment

In their first issue, Empowerment argues the trial court abused its discretion by not granting their motion for new trial and vacating the default judgment because it satisfied the *Craddock* elements. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Appellees respond Empowerment failed to satisfy all three *Craddock* elements; therefore, the trial court properly denied the motion for new trial.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 423–24 (Tex. 2023). The rule of *Craddock v. Sunshine Bus Lines* entitles a defaulting party to a new trial when: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Id.* at 424 (citing *Craddock*, 133 S.W.2d at 126). If a defaulting party moves for a new trial and satisfies all three

*Craddock* elements, then the trial court abuses its discretion in failing to grant a new trial. *Id.*

Critical to our analysis is Arce's status as a pro se, non-attorney litigant, who answered on behalf of a corporation. Appellate courts have "gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them." *Milligan v. Mayhew*, No. 05-22-00675-CV, 2023 WL 4540274, at *2 (Tex. App.—Dallas July 14, 2023, no pet.) (mem. op.) (citing *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 716 (Tex. App.—Austin 2005, no pet.) (quoting *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.))). A non-attorney's answer on behalf of a corporation is a "curable defect" and does not make the answer ineffective. *Tunad Enter., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *5 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.). Thus, although the answer under such circumstances is defective, it is sufficient to prevent the trial court from granting a no-answer default judgment against the corporate defendant. *Id.*

Here, Arce filed a pro se answer using a standard "Defendant's Answer" form. He incorrectly identified "Empowerment Homes LLC" as "Plaintiff," but then listed his information under section "1. Defendant's Information." He signed the Answer in his individual capacity. He indicated in his affidavit attached to the motion for

–5–

new trial he "thought I was answering on behalf of both myself and Defendant Empowerment Homes, LLC. I was not aware that I could not represent Empowerment Homes, LLC as I am not an attorney licensed in the State of Texas." Under these facts, we conclude Arce tried, albeit deficient, to answer on behalf of Empowerment. *See, e.g.*, *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (concluding signed pro se answer identifying parties, case, and current address was sufficient to prevent default judgment).

The trial court's default judgment states, "Defendant, Empowerment Homes, LLC, although duly cited to appear and answer herein, failed to file an answer within the time allowed by law." The record indicates otherwise, and therefore, the trial court erred by granting a no-answer default judgment. *See Tunad Enter., Inc.*, 2018 WL 3134891, at \*5 (concluding defective answer is sufficient to prevent trial court from granting a no-answer default judgment); *see also In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.) ("A no-answer default judgment may not be rendered against a defendant who has filed an answer.").

To the extent we consider the judgment a post-answer default judgment, we likewise conclude the trial court erred. A post-answer default judgment is rendered when a defendant files an answer but fails to appear at trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). Here, appellees concede Arce appeared and participated in the hearing on both the traditional motion for summary judgment and the motion for default judgment. Accordingly, the trial court could

–6–

not enter a post-answer default judgment. We sustain Empowerment's first issue. We reverse the trial court's order denying appellant's motion for new trial, vacate the default judgment against Empowerment Homes, and remand for further proceedings.

**Withdrawal of Deemed Admissions**

In appellants' second issue, they argue the trial court abused its discretion by denying their motion to withdraw deemed admissions. Appellees respond appellants waived their complaint by failing to timely raise the issue to the trial court. We agree.

Once an action is filed, a party may serve written requests for admissions that encompass "any matter within the scope of discovery, including statements of opinion or of fact or of the applications of law to fact . . . ." TEX. R. CIV. P. 198.1; *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam). If the opposing party does not serve its responses to the requested admissions within thirty days, the matters in the requests are deemed admitted against the party without the necessity of a court order. TEX. R. CIV. P. 198.2(c); *Marino*, 355 S.W.3d at 633. Any matter admitted or deemed admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. TEX. R. CIV. P. 198.3; *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex.1989).

We review a trial court's denial of a motion to withdraw deemed admissions for an abuse of discretion. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per

curiam). "A trial court abuses its discretion when it acts without reference to any guiding rules or principles." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002).

The Texas Supreme Court has held, under special circumstances, a party may bring a request to withdraw deemed admissions for the first time in a motion for new trial. *See Wheeler*, 157 S.W.3d at 442; *see also Marino*, 355 S.W.3d at 632–33 (holding trial court erred in denying pro se appellant opportunity to withdraw deemed admissions, despite never formally requesting withdrawal, because her "argument and pending motions" filed prior to rendition of summary judgment provided evidence of good cause and lack of prejudice). However, the supreme court has emphasized "the equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available." *Wheeler*, 157 S.W.3d at 442 (citing *Carpenter*, 98 S.W.3d at 686); *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008) ("Weaver knew of his mistake before judgment and could have responded to Unifund's motion, but because he did not, he waived his right to raise the issue thereafter."); *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *5 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.); *Cleveland v. Taylor*, 397 S.W.3d 683, 693–94 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

Here, the record indicates appellees served their requests for admissions on June 11, 2021. Appellants did not respond. On May 24, 2022, Arce was served a copy of the motion for summary judgment which included a section titled, "IV. DEEMED ADMISSIONS," which notified him of appellees' intent to rely on the deemed admissions.

The court held a hearing on the motions, and Arce attended. Appellants do not assert, and the record does not imply, Arce asked to withdraw the deemed admissions at the hearing. Instead, despite notice of the mistake prior to entry of final judgment, appellants did nothing and waited until the motion for new trial to request withdrawal of the deemed admissions. Thus, the equitable considerations that might permit a party to move post-judgment for withdrawal of deemed admissions are not present in this case. *See, e.g.*, *Coker v. Comm'n for Law. Discipline*, No. 05-18-01411-CV, 2020 WL 2988635, at *5 (Tex. App.—Dallas June 4, 2020, no pet.) (mem. op.). Accordingly, appellants waived their right to challenge the deemed admissions for the first time in the motion for new trial. The trial court acted within its broad discretion by refusing to withdraw the deemed admissions and denying their request in the motion for new trial. *See Sullivan v. Portable Storage of Minn. Inc.*, No. 04-16-00132-CV, 2017 WL 1161190, at *1–2 (Tex. App.—San Antonio Mar. 29, 2017, no pet.) (mem. op.) (because nonmovant failed to present written response to motion for summary judgment or any response to movant's request for admissions prior to judgment, nonmovant waived any right to raise his

–9–

issue post-judgment and trial court did not abuse its discretion in denying motion for a new trial). We overrule appellants' second issue.

## Propriety of Summary Judgment

In a third issue, Arce argues the trial court erred by granting summary judgment because the motion is based entirely on the deemed admissions and without the deemed admissions, appellees failed to meet their summary judgment burden. Appellees respond the deemed admissions alone support the judgment; however, other evidence attached to their motion also supports the judgment.

Appellees filed a traditional motion for summary judgment arguing there was no genuine issue of material fact on Arce's claims for fraudulent inducement, common law fraud, and breach of fiduciary duty. In addition to the deemed admissions, appellees relied on Rosa Aleman's Declaration and attached exhibits. Arce did not file a response. Appellees assert that because Arce did not challenge the sufficiency of the deemed admissions, "if the Court affirms the trial court's refusal to permit withdrawal of the deemed admissions, Appellant's point is moot." We disagree.

Requests for admissions may not be utilized by a party to require an adverse party to admit the invalidity of its claims or to concede its defenses because such admissions have a "merits-preclusive" effect. *Marino*, 355 S.W.3d at 632; *see also McEndree v. Volke*, 634 S.W.3d 413, 422 (Tex. App.—Eastland 2021, no pet.). Thus, "merits-preclusive" requests for admissions are not a proper use of this

–10–

discovery tool and implicate due process. *Marino*, 355 S.W.3d at 633–34 (citing *Wheeler*, 157 S.W.3d at 443–44). "Merits-preclusive" requests for admissions "demand upon a [party] to admit that he ha[s] no cause of action or ground of defense." *Wheeler*, 157 S.W.3d at 443.

Due process bars the use of "merits-preclusive" deemed admissions "absent [a showing of] flagrant bad faith or callous disregard for the rules." *Wheeler*, 157 S.W.3d at 443; *McEndree*, 634 S.W.3d at 422. When, as in this case, the deemed admissions are used as a basis for granting summary judgment, the flagrant bad faith or callous disregard requirement is incorporated as an element of the movant's summary judgment burden. *Marino*, 634 S.W.3d at 633; *McEndree*, 634 S.W.3d at 422–23.

Flagrant bad faith or callous disregard is not simply bad judgment; it is the "conscious doing of a wrong for dishonest, discriminatory or malicious purpose." *McEndree*, 634 S.W.3d at 423. A determination of flagrant bad faith or callous disregard may be made when it is shown that a party is mindful of impending deadlines and nonetheless either consciously or flagrantly fails to comply with the applicable rules. *Id.* Accordingly, to establish entitlement to judgment as a matter of law, appellees were required to prove Arce acted with flagrant bad faith or callous disregard for the applicable rules. *Id.* at 425.

In light of the record before us, we cannot say appellees met their burden. Appellees' motion for summary judgment did not include or attach any evidence

regarding Arce's alleged flagrant bad faith or callous disregard for the applicable rules. In fact, their motion was silent on both points. Even in appellees' response to appellants' motion for new trial, they did not argue the deemed admissions should not be withdrawn because of appellants' flagrant bad faith or callous disregard, but instead appellees relied on waiver. Because appellees failed to establish an element of their summary judgment burden—that Arce acted in bad faith or callous disregard to the rules by not answering the request for admissions—the trial court erred in granting summary judgment based on the deemed admissions.

In addition to the deemed admissions, appellees attached Rosa Aleman's Declaration to their summary judgment motion. However, they made no attempt in their briefing to explain how it supports every element of their causes of action other than a conclusory statement that it "provides sufficient evidence to support summary judgment itself." Regardless, we conclude her Declaration does not establish, as a matter of law, all the elements of appellees' causes of action. Thus, the trial court improperly granted summary judgment. We sustain Arce's third issue, reverse the trial court's summary judgment in its entirety, and remand to the trial court for further proceedings.

In light of our disposition of this issue, we need not address whether the trial court erred by holding appellants jointly and severally liable for exemplary damages in the final summary judgment. *See* TEX. R. APP. P. 47.1.

**Conclusion**

–12–

We reverse the trial court's motion for summary judgment against Acre and remand for further proceedings. We reverse the trial court's order denying appellant's motion for new trial, vacate the default judgment against Empowerment Homes, and remand for further proceedings.


221082f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EMPOWERMENT HOMES, LLC
AND LUIS ANDREWS ARCE,
Appellants

No. 05-22-01082-CV          V.

ROSA ALEMAN AND RODRIGO
CALDERON, Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-17546.
Opinion delivered by Justice Nowell.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the motion for summary judgment against appellant Luis Andrews Arce is **REVERSED,** and we **REMAND** for further proceedings consistent with this opinion.

The trial court's order denying appellant Empowerment Homes, LLC's motion for new trial is **REVERSED**. We **VACATE** the default judgment against appellant Empowerment Homes, LLC and **REMAND** for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 9th day of October, 2023.